CC: TO JUDGE ___PM___

——— FILED ____ ENTERED
——— LODGED ____ RECEIVED

JAN 15 2004   PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, INC., a
Washington corporation,

　　　　　Plaintiff,

　　v.

SYNERGY6, INC., a Delaware corporation;
JUSTIN CHAMPION, a New York resident;
OPTINREALBIG.COM, LLC, a Nevada
limited liability company; SCOTT
RICHTER, a Colorado resident; DELTA
SEVEN COMMUNICATIONS, LLC, a
Texas limited liability company; DENNY
COLE, a Texas resident; and JOHN DOES
1-50,

　　　　　Defendants.

No. **C04-0116C**

NOTICE OF REMOVAL OF CIVIL
ACTION PURSUANT TO 28 U.S.C.
§ 1441 (Federal Question and Diversity)



**04-CV-00116-NTC**

TO:　　　　CLERK OF THE COURT
AND TO:　Plaintiff
AND TO:　David Bateman, Attorneys for Plaintiff

　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendants

OptinRealBig.com, LLC ("OptIn"), and Scott Richter hereby remove the King County

Superior Court Action described below to the United States District Court for the Western

District of Washington at Seattle. In support thereof, defendants OptIn and Scott Richter

state as follows:

ORIGINAL

**Bullivant|Houser|Bailey PC**
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292 8930

1.     Plaintiff Microsoft Corporation ("plaintiff") filed a civil action in King County Superior Court entitled *Microsoft Corporation v. Synergy6, Inc., et al.*, King County Superior Cause Number 03-2-12559-8 SEA on December 17, 2003.

2.     The action referred to above is a civil action for unlawful conduct, trespass to chattels, conversion, violation of the Washington Commercial Electronic Mail Act, violation of the Washington Consumer Protection Act, Violation of the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(5),(g) and (4),(g)), Violation of New York Gen. Bus. Law §§ 349 and 350, violation of the Lanham Act (15 U.S.C. § 1125(a)) seeking actual, liquidated, and statutory damages, attorneys' fees and costs, and injunctive relief.

3.     This action is a civil action of which the United States District Court is given original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to the United States District Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 18 U.S.C. § 1030(a)(5),(g) and (4),(g) and 15 U.S.C. § 1125(a).

4.     The action is one in which the United States District Court is given original jurisdiction by reason of diversity of citizenship and the requisite amount in controversy pursuant to Title 28 U.S.C. § 1332 and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

5     The suit is between plaintiff, Microsoft Corporation, which at the time of filing was and still is a citizen of Washington as a Washington corporation with its principal place of business in King County, Washington, and defendant Synergy6, Inc., which at the time of filing was and still is, a Delaware citizen as a Delaware corporation with its principal place of business in New York, defendant Justin Champion, which at the time of filing was and still is, a New York citizen and resident, defendant OptinRealBig.com, LLC, which at the time of filing was and still is, a Nevada and Colorado citizen as a Nevada limited liability company with its principal place of business in Colorado, defendant Scott Richter, which at the time of filing was and still is, a Colorado citizen and resident, defendant Delta Seven Communications, LLC, which at the time of filing was and still is, a Texas citizen as a Texas

1 | limited liability company with its principal place of business in Texas, and Denny Cole

2 | which at the time of filing was and still is, a Texas citizen and resident. (Complaint ¶¶ 4-10)

3 |      6.     Defendants OptIn and Scott Richter have a good faith belief that the matter in

4 | controversy exceeds $75,000 exclusive of interest and cost. Plaintiff, who in its complaint

5 | did not specify a dollar amount of damages sought, has alleged that it is entitled to the

6 | following damages: (a) actual damages for trespass to chattels; (b) actual damages for

7 | conversion; (c) actual damages or statutory damage of $1,000 per violation, whichever is

8 | greater; (d) treble damages and increased damage awards pursuant to the Washington

9 | Consumer Protection Act; (e) damages under the federal Computer Fraud and Abuse Act,

10 | which exceeds $5,000; and (f) actual damages or statutory damages of $50 per violation,

11 | which ever is greater, treble damages and attorneys' fees and costs under the NY Gen. Bus.

12 | Law. While denying liability for said claims, defendants OptIn and Scott Richter believe in

13 | good faith that the plaintiff's claims exceed $75,000 exclusive of interest and costs.

14 |      7.     Removal to federal court is appropriate in any civil action brought in state

15 | court over which the federal district court has original jurisdiction. 28 U.S.C. § 1441.

16 |      8.     As of the date of the filing of this Notice of Removal of Civil Action, 30 days

17 | have not elapsed from the time this matter first became removable. Defendants OptIn and

18 | Scott Richter received service of Summons and Complaint on December 17, 2003.

19 |      9.     The process, pleadings, and orders served upon defendant OptIn and Scott

20 | Richter in this action consist of the Summons, Complaint, Declaration of Service of Order

21 | Setting Civil Case Schedule and Order Setting Civil Case Schedule. True copies of these

22 | pleadings are attached hereto and by this reference incorporated herein.

23 |      10.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal of Civil

24 | Action are being served upon plaintiff's attorney and filed with the Clerk of the Superior

25 | Court of the State of Washington for King County.

26 |

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C.    Page 3
§ 1441
No.

Bullivant|Houser|Bailey PC
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone: (206) 292-8930

1       11.      By filing this Notice of Removal, defendants OptIn and Scott Richter do not

2 waive, and expressly reserve all rights, defenses, or objections of any nature that it may have

3 to plaintiff's claims, including but not limited to, lack of jurisdiction over the person,

4 improper venue, insufficiency of service of process, *forum non conveniens*, and change of

5 venue.

6       12.      Defendants Syngergy6, Inc. and Justin Champion consent to removal.

7 Defendants OptIn and Scott Richter have attempted to contact the defendants Delta Seven

8 Communications, LLC, and Denny Cole, who have not filed a notice of appearance or

9 removal. *See Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985). In response to messages, Delta

10 Seven Communication and Denny Cole have not objected to the removal of this matter.

11 Further, on information and belief, Delta Seven Communication and Denny Cole have

12 indicated that they do not intend to appear at all in this action or will allow a default to be

13 taken. Thus, they are nominal (in that, on information and belief, they will not be

14 participating in the action), the other defendants are unknown, or, on information and belief,

15 have not been served.

16       DATED this 15th day of January, 2004.

17                             BULLIVANT HOUSER BAILEY PC

18

19                             By _____

20                                Troy Greenfield, WSBA #21578
                               Pamela Salgado, WSBA #22741

21                             Attorneys for Defendants
                            OptinRealBig.com, LLC, and Scott Richter

22 3378198.1

23

24

25

26

Bullivant|Houser|Bailey PC
2400 Westlake Office Tower
1601 Fifth Avenue
Seattle, WA 98101-1618
Telephone    (206) 292-8930

FILED

03 DEC 17  PM 4: 13

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

MICROSOFT CORPORATION, a
Washington corporation,

                      Plaintiff,

    v.

SYNERGY6, INC., a Delaware corporation,
JUSTIN CHAMPION, a New York resident,
OPTINREALBIG.COM, LLC, a Nevada
limited liability company,
SCOTT RICHTER, a Colorado resident,
DELTA SEVEN COMMUNICATIONS,
LLC, a Texas limited liability company,
DENNY COLE, a Texas resident, and
JOHN DOES 1–50,

                      Defendants.

No. **03-2-12559-8SEA**

SUMMONS

**PARIS K. KALLAS**

TO:    OPTINREALBIG.COM, LLC
        Trudy Debell, Registered Agent
        1333 W.120th Avenue, Suite 101
        Westminster, CO 80234

    TO THE DEFENDANT(S):  A lawsuit has been started against you in the above-

entitled court by Microsoft Corporation, plaintiff.  Plaintiff's claim is stated in the written

complaint, a copy of which is served upon you with this summons.

SUMMONS - 1
K30010300234900ABDAR_P220J

**ORIGINAL**

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   In order to defend against this lawsuit, you must respond to the complaint by stating

2   your defense in writing, and serve a copy upon the person signing this summons within 20

3   days after the service of this summons (or within 60 days after service if served outside the

4   state of Washington), excluding the day of service, or a default judgment may be entered

5   against you without notice. A default judgment is one where plaintiff is entitled to what he

6   asks for because you have not responded. If you serve a notice of appearance on the

7   undersigned person, you are entitled to notice before a default judgment may be entered.

8   You may demand that the plaintiff file this lawsuit with the court. If you do so, the

9   demand must be in writing and must be served upon the person signing this summons.

10   Within 14 days after you serve demand, the plaintiff must file this lawsuit with the court, or

11   the service on you of this summons and complaint will be void.

12   If you wish to seek the advice of an attorney in this matter, you should do so promptly

13   so that your written response, if any, may be served on time.

14   This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

15   State of Washington.

16

17   DATED this 15ᵗʰ day of December, 2003.

18   PRESTON GATES & ELLIS LLP

19

20   By _____

21   David A. Bateman, WSBA # 14262
     Robert J. Dzielak, WSBA #26178
     Theodore J. Angelis, WSBA #30300

22

23   Attorneys for Plaintiff
     Microsoft Corporation

24

25

26

SUMMONS - 2
K:\0010S\0284\SD\ABNDAB_P92CJ

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

FILED

03 DEC 17 PM 4 13

KING COUNTY
SUPERIOR COURT CLERK.
SEATTLE, WA.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

03-2-12559-8SEA

MICROSOFT CORPORATION, a
Washington corporation,

                             Plaintiff,

     v.

SYNERGY6, INC., a Delaware corporation,
JUSTIN CHAMPION, a New York resident,
OPTINREALBIG.COM, LLC, a Nevada
limited liability company,
SCOTT RICHTER, a Colorado resident,
DELTA SEVEN COMMUNICATIONS,
LLC, a Texas limited liability company,
DENNY COLE, a Texas resident, and
JOHN DOES 1–50,

                          Defendants.

No.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

Plaintiff Microsoft Corporation ("Microsoft") brings this action against

SYNERGY6, INC., JUSTIN CHAMPION, OPTINREALBIG.COM, LLC, SCOTT

RICHTER, DELTA SEVEN COMMUNICATIONS, LLC, DENNY COLE, and JOHN

DOES 1–50.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 1
K20014001416TJAKTJA_P24JD



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.   JURISDICTION AND VENUE

1.     This is an action for trespass to chattels, conversion, and for violations of the Washington Commercial Electronic Mail Act (RCW Ch. 19.190), the Washington Consumer Protection Act, the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)), the New York Deceptive Practices and False Advertising Acts (NY Gen. Bus. Law §§ 349 and 350), and the Lanham Act (15 U.S.C. § 1125).  Microsoft seeks damages and injunctive relief to remedy defendants' unauthorized use of Microsoft's computers and computer systems to send significant volumes of misleading and deceptive unsolicited commercial e-mail messages, or "spam," in violation of Microsoft's policies and state and federal law.

2.     This Court has personal jurisdiction over the defendants, who have engaged in business activities in and directed to Washington, have committed a tortious act within the state, and have used personal property in the state.

3.     Venue is proper in this Court pursuant to RCW § 4.12.020 to .025 in that a substantial part of the events or omissions giving rise to the claims pled herein occurred in King County, the causes of action arose in King County, and work was performed in King County.

## II.   THE PARTIES

4.     Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

5.     Defendant SYNERGY6, INC. is a Delaware corporation with its principal place of business in New York City, New York.  Microsoft is informed and believes, and on that basis alleges, that Synergy6 operates a number of e-mail marketing services.  One such service is the "OfferStream Network," which is described at Synergy6's website http://www.synergy6.com.  Synergy6 markets the OfferStream service to "advertisers looking for the impact of a high-volume [e-mail] campaign without the associated risks."  Microsoft is

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 2
K\00010\01015\TJM\TJA_P21JD

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   informed and believes, and on that basis alleges, that Synergy6 employs "publishers" to send

2   e-mail on its behalf.

3       6.    Defendant JUSTIN CHAMPION is a New York resident.  Champion is

4   president of defendant Synergy6, Inc.

5       7.    Defendant OPTINREALBIG.COM, LLC, is a Nevada limited liability

6   company with its principal place of business in Westminster, Colorado.  Microsoft is

7   informed and believes, and on that basis alleges, that OptInRealBig.com, LLC, served as an e-

8   mail "publisher" for Synergy6's OfferStream marketing service.

9       8.    Defendant SCOTT RICHTER is a Colorado resident.  Richter is president of

10   defendant OptInRealBig.com, LLC.  Microsoft is informed and believes, and on that basis

11   alleges, that Richter served as an e-mail "publisher" for Synergy6's OfferStream marketing

12   service.

13       9.    Defendant DELTA SEVEN COMMUNICATIONS, LLC is a Texas limited

14   liability company.

15       10.    Defendant DENNY COLE is a Texas resident.  Cole is a member of defendant

16   Delta Seven Communications, LLC.

17       11.    Microsoft is unaware of the true names and capacities of defendants sued

18   herein as DOES 1–50, inclusive, and therefore sues these defendants by such fictitious names.

19   Microsoft will amend this complaint to allege their true names and capacities when

20   ascertained.  Microsoft is informed and believes and therefore alleges that each of the

21   fictitiously named defendants is responsible in some manner for the occurrences herein

22   alleged, and that Microsoft's injuries as herein alleged were proximately caused by such

23   defendants.  These fictitiously named defendants, along with the above-named defendants, are

24   herein referred to collectively as "defendants."

25       12.    The actions alleged herein to have been undertaken by the defendants were

26   undertaken by each defendant individually, were actions that each defendant caused to occur,

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 3
K:\00104\01415\TJAK\JA_P21.JD

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   were actions that each defendant authorized, controlled, directed, or had the ability to

2   authorize, control or direct, and/or were actions each defendant assisted, participated in,

3   otherwise encouraged, or knew or consciously avoided knowing about, and are actions for

4   which each defendant is liable. Each defendant aided and abetted the actions of the

5   defendants set forth below, in that each defendant had knowledge of those actions, provided

6   assistance and benefited from those actions, in whole or in part. Each of the defendants was

7   the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was

8   acting within the course and scope of such agency and with the permission and consent of

9   other defendants.

10          **III.   NATURE OF PLAINTIFF'S INTERNET E-MAIL SERVICES**

11          13.     Microsoft owns and operates interactive computer services that enable its

12  customers to, among other things, access the Internet and exchange e-mail on the Internet.

13  Microsoft owns and maintains computers and other equipment, including specialized

14  computers or "servers" that process e-mail messages and otherwise support its e-mail

15  services. Microsoft maintains this equipment in Washington and California, among other

16  states. E-mail sent to and from Microsoft's customers is processed through and stored on

17  these computers. Microsoft is an internet service provider ("ISP") and is an "interactive

18  computer service" as defined by RCW § 19.190.010. Microsoft's computers and computer

19  systems are "protected computers" under the federal Computer Fraud and Abuse Act, 18

20  U.S.C. § 1030(e)(2).

21          14.     One of Microsoft's services is "MSN Hotmail" which provides free and

22  subscription-based e-mail on the Internet through a web-based e-mail service that can be

23  accessed at www.hotmail.com. MSN Hotmail allows account-holders to exchange e-mail

24  messages with any other e-mail user who has an Internet e-mail address throughout the world.

25  MSN Hotmail has millions of registered accounts, whose users all have unique e-mail

26  addresses ending in "@hotmail.com."

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 4
K:\0010\00141\KT\KT\_A\_P21JD

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

15.     Another of Microsoft's services is "MSN Internet Access" (referred to herein as "MSN") which provides free and subscription-based e-mail services that can be accessed on the web or via Microsoft's proprietary network.  MSN allows account-holders to exchange e-mail messages with any other e-mail user who has an Internet e-mail address throughout the world.  MSN has millions of registered accounts, whose users all have unique e-mail addresses ending in "@msn.com."

## IV.  THE NATURE OF UNSOLICITED E-MAIL OR "SPAM"

16.     Unsolicited commercial e-mail is often referred to as "spam."  The transmission of spam, a practice referred to as "spamming," by persons known as "spammers," is widely condemned in the Internet community, and is of significant concern and economic detriment to Microsoft and its customers.

17.     By using the Internet to send commercial e-mail messages, spammers not only obtain significant cost savings, but also impose significant economic burdens on ISPs such as Microsoft.  Although it costs very little for a spammer to transmit innumerable e-mail messages, handling the enormous volume of e-mail initiated by spammers places a tremendous burden on Microsoft.

18.     Microsoft's computers and computer systems are designed and created solely for the benefit and the non-commercial personal use of its customers.  The computers and computer systems have finite capacity and are not designed to accommodate innumerable mass mailings from spammers.  Microsoft has been required to expend substantial amounts for new equipment to handle the mass mailings by spammers.

19.     Spamming also can and does result in the degradation and disruption of Microsoft's computers and computer systems.  Spam demands storage space and processing capacity of Microsoft's computers and computer systems, making those resources unavailable to serve the legitimate needs of Microsoft's customers.  The diversion of these resources from

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 5
K:\00164301\4161T\IAXNA_P21.DO

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  processing authorized e-mail impairs the normal operation of the computers and computer

2  systems. Therefore, the value of that equipment is diminished by spamming.

3      20.    Spamming also has significant impact on the recipients of spam. Individuals

4  who receive spam must take the time and effort to sort through larger volumes of received e-

5  mail, must attempt to distinguish spam from legitimate e-mail, and ultimately discard this

6  unsolicited material. In an effort to mislead e-mail recipients, to make it more difficult for

7  them to identify the sender of the e-mail and to discard these unsolicited advertisements,

8  spammers frequently use deceptive methods. Those deceptive methods include false or

9  misleading information in the e-mail headers and subject lines, as well as various practices

10  designed to misrepresent or obscure the point of origin or transmission path of the e-mail.

11  When a spammer uses deceptive information to disguise spam as legitimate personal or

12  business e-mail, it causes additional inconvenience and frustration to spam recipients.

13      21.    Spam frequently involves products or services of questionable value, or

14  materials of an adult or pornographic nature. Unsolicited advertisements for such products or

15  services, often disguised, are a particularly obtrusive form of spam and are often the subject of

16  customer complaints.

17      22.    Spammers know that their bulk e-mailing practices inevitably lead to a

18  significant portion of their e-mail being undeliverable. When an e-mail message is

19  undeliverable, additional e-mail messages ("bounce-back messages") are generated to advise

20  the sender and the ISP of this fact. Rather than have their own computer equipment burdened

21  with voluminous bounce-back messages, spammers craft their messages to direct the bounce-

22  back messages to others. Thus, a spammer who sends spam by using a MSN or MSN

23  Hotmail return address can be assured that the inevitable, innumerable bounce-back messages

24  will be returned to that address, not to the spammer's own computer system. This adds to

25  Microsoft's burdens, as its computers must process and store the bounce-back messages from

26  these spam mailings.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 6
K:\00104\01415\TJA\TJA_P21.JD

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

23.     In an attempt to protect itself and its customers from spam, Microsoft has expended significant resources to developing technologies and practices to prevent its subscribers from sending or receiving spam.  Spammers, however, continue to adopt practices and technological devices to evade Microsoft's technologies and to frustrate Microsoft's efforts.

24.     Courts, state legislatures, and Congress have all recognized that spamming is a matter that vitally affects the public interest, and they have made clear that sending illegal spam constitutes an unfair or deceptive business practice.

25.     Microsoft has invested substantial time and money in efforts to disassociate itself from spam and the spammers who promote and profit from spam, as well as in seeking to protect its registered users worldwide from receiving spam.

26.     Microsoft has a clearly articulated policy prohibiting the use of its services for junk email, spamming, or any unsolicited messages (commercial or otherwise).  Microsoft's policies also prohibit automated queries of any sort, harvesting or collection of e-mail addresses, and any use of the services that is not personal and non-commercial.  These policies are included in the Terms of Use for MSN and MSN Hotmail, which can be accessed via a clearly marked link on www.msn.com, as well as on the home pages for each of Microsoft's MSN services.

## V.   DEFENDANTS' UNLAWFUL CONDUCT

27.     Microsoft is informed and believes, and on that basis alleges, that defendants have been—and are currently involved in—widespread spamming by sending misleading, deceptive and unsolicited commercial email to MSN Hotmail account holders.

28.     Microsoft is informed and believes, and on the basis alleges, that its MSN Hotmail service has received billions of unsolicited e-mail messages from defendants, which advertise defendants' websites and the products advertised on those websites.  Those e-mail

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 7
K:\0010401414\NT.MTJA_P21.JO

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  messages offered "free" items in exchange for personal information and consent to receive

2  future marketing offers.

3      29.    Microsoft is informed and believes, and on the basis alleges, that many of

4  those e-mail messages contain false or misleading information in the "From" lines, including

5  falsified e-mail addresses and sender names. By placing false names or e-mail addresses in

6  place of the name of the true sender, defendants obscure the point of origin and transmission

7  path of the e-mail.

8      30.    Many of defendants' e-mails messages purport to originate from computers

9  associated with Microsoft's hotmail.com domain, but they did not so originate.  Defendants

10  did not have permission to use Microsoft's domain name in this manner.  Similarly, many of

11  defendants' e-mail messages purport to originate from computers associated with other

12  parties' domain names, such as Hotmail.com, AOL.com, Earthlink.net, and Yahoo.com, but

13  Microsoft is informed and believes, and on that basis alleges, that the e-mail did not originate

14  from those parties' computers and defendants did not have permission to use those parties'

15  domain names in that manner.

16      31.    Many of defendants' e-mail messages contain false and misleading subject

17  lines, which falsely state that they are responses to a prior message or forwarded information,

18  or which falsely suggest an ongoing business or personal relationship with the recipient.

19  Examples include "[Recipient], why?," "Hey! [Recipient]," "Re: your requested samples,"

20  and "re: hotmail.com."

21      32.    Microsoft is informed and believes, and on that basis alleges, that many of

22  defendants' messages use deceptive practices to falsify or obscure the information in the e-

23  mail's transmission path.  For example, defendants placed the domain names of well-known

24  Internet Service Providers, such as Hotmail.com, AOL.com, Earthlink.net, and Yahoo.com, in

25  the transmission path even though the e-mail was not sent through those providers' servers.

26

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

33.    Defendants further obscured the origin and transmission path of the e-mails by routing them through unsecure servers registered in 36 countries on 6 continents. The Internet addresses used by defendants include those registered to the Kuwait Ministries of Communication and Finance, several schools in Korea, the Seoul Municipal Boramae Hospital, and the Virginia Community College System.

34.    As a result of defendants' actions, Microsoft's computer equipment and servers were required to process improper spam e-mails, as well as "bounce back" e-mails which had been sent by defendants to non-existent, out-dated or incorrect e-mail addresses. This significant number of e-mails has taken up substantial amount of Microsoft's finite computer space, threatens to delay and otherwise adversely affect MSN Hotmail subscribers in sending and receiving legitimate e-mail, and has resulted in and continues to result in significant costs to Microsoft.

## COUNT I
### (Trespass to Chattels)

35.    Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34 above.

36.    The computers, computer networks and computer services that constitute Microsoft's MSN and MSN Hotmail e-mail systems are the personal property of Microsoft.

37.    Defendants were aware that their actions were specifically prohibited by Microsoft's Terms of Service and/or were on notice that their actions were not authorized by Microsoft in any way.

38.    Defendants have knowingly, intentionally and without authorization used and intentionally trespassed upon Microsoft's property.

39.    As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE (206) 623-7022

## COUNT II
### (Conversion)

40. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39 above.

41. Defendants have willfully interfered with and converted Microsoft's personal property, without lawful justification, as a result of which Microsoft has been deprived of possession and use of its property.

42. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

## COUNT III
### (Violation of the Washington Commercial Electronic Mail Act (RCW Ch. 19.190) and the Washington Consumer Protection Act (RCW Ch. 19.86))

43. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42 above.

44. Defendants initiated the transmission, conspired to initiate the transmission, or assisted in the transmission of commercial e-mail messages from a computer located in Washington and/or to an e-mail address that they knew, or had reason to know, is held by a Washington resident. Those commercial e-mail messages:

a) used Microsoft's or another third party's internet domain names without permission;

b) misrepresented or obscured information identifying the point of origin or the transmission path of a commercial electronic e-mail message; or

c) contained false or misleading information in the subject line.

45. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

46. Defendants' actions violated RCW § 19.190.020, and entitle Microsoft to actual damages or statutory damages of $1,000 per violation, whichever is greater.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 10

K:\00104\0141\SKT.JAT.JA_P21.ID

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

47.     Defendants' actions affected the public interest, are unfair or deceptive acts in trade or commerce and unfair methods of competition, and violated the Washington Consumer Protection Act, RCW Ch. 19.86.  Microsoft is entitled to treble damages and an award of its attorneys' fees and costs under that Act.

**COUNT IV**
**(Violation of the federal Computer Fraud and Abuse Act – 18 U.S.C. § 1030(a)(4), (g))**

48.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47 above.

49.     By the actions alleged above, defendants knowingly and with intent to defraud, accessed Microsoft's protected computer system, without authorization and/or in excess of authorized access.

50.     By the actions alleged above, defendants furthered the intended fraud and obtained unauthorized use of Microsoft's protected computer system, and the value of that use exceeds more than $5,000 in any 1-year period.

51.     Defendants' activity constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), and Microsoft is entitled to damages under that Act. Microsoft is also entitled under the Act to injunctive and equitable relief against defendant.

**COUNT V**
**(Violation of the federal Computer Fraud and Abuse Act – 18 U.S.C. § 1030(a)(5), (g))**

52.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51 above.

53.     By the actions alleged above, defendants intentionally and knowingly accessed Microsoft's protected computer system, and knowingly caused the transmission of a program, information, code, or command, without authorization and/or in excess of authorized access.

54.     By the actions alleged above, defendants intentionally caused damage, without authorization, to Microsoft's protected computer system, and the aggregate loss resulting therefrom exceeds at least $5,000 in value.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

55.   Defendants' activity constitute a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5), and Microsoft is entitled to damages under that Act. Microsoft is also entitled under the Act to injunctive and equitable relief against defendant.

### COUNT VI
#### (Violation of New York Gen. Bus. Law § 349)

56.   Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 55 above.

57.   By the actions alleged above, defendants willfully or knowingly engaged in deceptive acts or practices in the conduct of a business, trade or commerce or in the furnishing of a service.

58.   Defendants' actions were directed at members of Microsoft's MSN and MSN Hotmail services.

59.   Defendants' actions were misleading in a material way, affected the public interest, and constitute unfair methods of competition.

60.   As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

61.   Defendants' violations of NY Gen. Bus. Law § 349 entitle Microsoft to actual damages or statutory damages of $50 per violation, whichever is greater. Microsoft is also entitled to treble damages and an award of its attorneys' fees and costs.

### COUNT VII
#### (Violation of New York Gen. Bus. Law § 350)

62.   Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61 above.

63.   By the actions alleged above, defendants willfully or knowingly engaged in false advertising in the conduct of a business, trade or in commerce or in the furnishing of a service.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

64. Defendants' violations of NY Gen. Bus. Law § 350 entitle Microsoft to actual damages or statutory damages of $50 per violation, whichever is greater. Microsoft is also entitled to treble damages and an award of its attorneys' fees and costs.

## COUNT VIII
**(False Designation of Origin, in Violation of the Lanham Act – 15 U.S.C. § 1125(a))**

65. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 64 above.

66. Defendants used the designations "hotmail.com" and "msn.com," which incorporate Microsoft's registered trademarks and service marks, and which, when used in spoofed e-mail headers, are words, terms, names, or combinations thereof, or false designations of origin, or false or misleading descriptions or representations of fact, which are likely to cause confusion, mistake, or deception as to defendants' affiliations, connection, or association with Microsoft, or as to the origin, sponsorship, or approval of his goods or services, or commercial activities.

67. Defendants' activities involved interstate commerce in connection with goods and services.

68. Microsoft has been damaged by these acts in an amount to be proved at trial. Microsoft is also entitled under the Act to injunctive and equitable relief against defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against defendants, jointly and severally, as follows:

1. That the Court issue temporary and permanent injunctive relief against defendants, and that defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with defendants, be enjoined and restrained from:

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 13
K:\001040\01418\TJM\TJM_P24.LJD

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    a)    establishing any accounts with Microsoft's MSN or MSN Hotmail
2    services;
3    b)    using Microsoft's computers and computer systems in connection with
4    sending commercial e-mail messages;
5    c)    making unauthorized use of Microsoft's computers and computer
6    systems or intellectual property;
7    d)    continuing to violate Microsoft's Terms of Service; and
8    e)    assisting, aiding, or abetting any other person or business entity in
9    engaging in or performing any of the activities referred to in subparagraphs a) through
10   d) above.
11       2.    That the Court award Microsoft actual damages, liquidated damages, and
12   statutory damages, in amount to be proven at trial;
13       3.    That the Court award Microsoft its attorneys' fees and costs incurred herein;
14   and
15       4.    That the Court grant Microsoft such other or additional relief as is just and
16   proper.
17       DATED this 15ᵗʰ day of December, 2003.
18
19                                  PRESTON GATES & ELLIS LLP
20
                                    By _____
21                                       David A. Bateman, WSBA # 14262
                                         Robert J. Dzielak, WSBA #26178
                                         Theodore J. Angelis, WSBA #30300
22
23                                  Attorneys for Plaintiff
                                    Microsoft Corporation
24
25
26

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 14
K:\0010\0014\RJ4\TJA_P21.JD

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*FILED*

2003 DEC 24 PM 1: 35

.ING COUNTY
.ERIOR COURT CLERK
SEATTLE, WA

Honorable Paris K. Kallas

1

2

3

4

5

6

7      IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8           IN AND FOR THE COUNTY OF KING

9    MICROSOFT CORPORATION,

10                              Plaintiff,          No. 03-2-12559-8 SEA

11         v.                                       DECLARATION OF SERVICE OF
                                                    ORDER SETTING CIVIL CASE
12    SYNERGY6, INC., et al.,                       SCHEDULE

13                              Defendants.

14

15         Rhonda Hinman, under penalty of perjury of the laws of the State of Washington,

16    declares as follows:

17         I am and at all times hereinafter mentioned was a citizen of the United States, a

18    resident of the State of Washington, over the age of 21 years, and competent to be a

19    witness in the above action, and not a party thereto. On December 23, 2003, I served, via

20    U.S. Postal Service, properly addressed and prepaid, a true copy of the Order Setting Civil

21    Case Schedule, to the following:

22    Linda Goodman                          D. Reed Freeman, Jr.
      Goodman & Richter, LLP                 Collier Shannon Scott, PLLC
23    501 West Broadway, Suite 1335          Washington Harbor, Suite 400
      San Diego, CA 92101                    3050 K Street, NW
24    Attorneys for OptInRealBig.com, LLC    Washington, DC 20007
25    and Scott Richter                      Attorneys for Synergy6, Inc.
                                             and Justin Champion

DECLARATION OF SERVICE OF ORDER
SETTING CIVIL CASE SCHEDULE - 1
K\0010342254\RT.M\T.JIA_P21MN

**ORIGINAL**

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

12/23/2003 19:13 FAX 2066237022          Preston Gates & Ellis          @008

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

MICROSOFT CORP., ,

                Plaintiff(s),

vs.

SYNERGYS, INC., et al.,

                Defendant(a).

NO. **03-2-12 559-8SEA**

ORDER SETTING CIVIL CASE SCHEDULE

ASSIGNED JUDGE: **PARIS K. KALLAS**

TRIAL DATE: Mon 6/18/05

('ORSCS)

On Wed 12/17/03, a civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**

The Plaintiff may serve a copy of this Order Setting Case Schedule (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

    Theodore J. Angelis
    Print Name

           Sign Name

ORDER SETTING CIVIL CASE SCHEDULE          Revised June 2003

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules (KCLR) -- especially those referred to in this Schedule. In order to comply with the Schedule, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [See KCLR 26], and for meeting the discovery cutoff date [See KCLR 37(g)].

**SHOW CAUSE HEARINGS FOR CIVIL CASES [King County Local Rule 4(g)]**
A Show Cause Hearing will be held before the assigned judge if the case is not at issue. The Order to Show Cause will be mailed to all parties. The parties or counsel are required to attend. A Confirmation of Joinder, Claims and Defenses must be filed by the deadline in the schedule.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this Schedule are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a Notice of Settlement pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a Notice of Settlement, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an Order of Dismissal, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
All parties to this action must keep the court informed of their addresses. When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to mandatory arbitration and is at issue. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee (effective 10/1/2002). If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:** All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

ORDER SETTING CIVIL CASE SCHEDULE                          Revised June 2003

12/23/2003 16:15 FAX 2066237022  Preston Gates & Ellis  ☑010

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE |
|---|---|
| Case Filed and Schedule Issued | Wed 12/17/03 |
| ✓ Confirmation of Service [See KCLR 4.1] | Wed 1/14/04 |
| ✓ Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notice on Page 2] $220 arbitration fee must be paid | Wed 6/26/04 |
| — OR[Consult Local Rules to determine which document applies for your case.] ✓ Confirmation of Joinder of Parties, Claims and Defenses [See KCLR 4.2(a)(2)] NOTE: If "Joinder" document applies to the case and is not filed, the parties may be required to appear at the Show Cause Hearing. | Wed 5/26/04 |
| DEADLINE for Hearing Motions to Change Case Assignment Area (KCLR 82(e)) | Wed 6/09/04 |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)] | Mon 12/13/04 |
| ✓ Joint Pretrial Report [See attached order] | |
| DEADLINE for Disclosure of Possible Rebuttal Witnesses [See KCLR 26(b)] | Mon 1/24/05 |
| ✓ DEADLINE for Jury Demand [See KCLR 38(b)(2)] | Mon 2/07/05 |
| DEADLINE for a Change in Trial Date [See KCLR 40(e)(2)] | Mon 2/07/05 |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)] | Mon 3/28/05 |
| DEADLINE for Engaging in Alternative Dispute Resolution [See attached Order] | Mon 4/18/05 |
| DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLR 16(a)(4)] | Mon 4/25/05 |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56] | Mon 5/02/05 |
| ✓ Joint Statement of Evidence [See KCLR 16(x)(4)] | Mon 5/09/05 |
| Trial Date [See KCLR 40] | Mon 6/16/05 |

✓ Indicates a document that must be filed with the Superior Court Clark's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action must serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED: 12/17/2003

Richard D. Eadie

**Richard D. Eadie**
PRESIDING JUDGE

Revised June 2005

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

### READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule.* The assigned Superior Court Judge will preside over and manage this case and will conduct trials, motions, and conferences in this matter until completion of all issues.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

**APPLICABLE RULES:**
Except as specifically modified below, all the provisions of KCLR 4-26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**
A.   Trial: Trial is confirmed for 9:00 a.m. on the date on the *Schedule.* The Friday before trial, the assigned court will contact the parties to determine the status of the case and inform the parties of any adjustments to the Trial Date.

B.   Show Cause Hearing: A *Show Cause Hearing* will be held before the assigned judge if the case is not at issue. If the case is not at issue or in accordance with the attached case schedule, all parties will receive and *Order to Show Cause* that will set a specific date and time for the hearing. All parties and/or counsel are required to attend.

C.   Joint Pretrial Report: 120 days before the Trial Date, parties shall prepare and file, with a copy to the assigned judge, a joint pretrial report setting forth the nature of the case, whether a jury demand has been filed, the expected duration of the trial, the status of discovery, the need to amend pleadings or add parties, whether a settlement conference has been scheduled, special problems, etc. Plaintiff's/Petitioner's counsel is responsible for proposing and contacting the other parties regarding said report.

D.   Pretrial Conference: A pretrial conference will be scheduled by the assigned judge. Approximately thirty (30) days before the conference, you will receive an *Order Setting Pretrial Conference* that will set the specific date and time for the conference. The conference will be held in the courtroom of the assigned judge, and the following nonexclusive list of matters will be addressed at that time:
1)   Status of settlement discussions;
2)   Jury trial – selection and number of jurors;
3)   Potential evidentiary problems;
4)   Potential motions *in limine;*

### SEE NEXT PAGE

revised 5/29/2002

L: forms/caahitra/jy orders

5) Use of depositions;
6) Deadlines for nondispositive motions;
7) Procedures to be followed with respect to exhibits;
8) Witnesses -- identity, number, testimony;
9) Special needs (e.g. interpreters, equipment);
10) Trial submissions, such as briefs, Joint Statement of Evidence, jury
    instructions,
    voir dire questions, etc.
11) Receipt of Public Assistance Payments (Domestic Cases) -- If any party is on
    public Assistance, notify the Prosecutor's Office of this proceeding now at 296-
    9020.

E. Settlement/Mediation/ADR:
    1)    45 days before the Trial Date, counsel for plaintiff shall submit a written
          settlement demand. Ten (10) days after receiving plaintiff's written
          demand, counsel for defendant shall respond (with a counteroffer, if
          appropriate).

    2)    30 days before the Trial Date, a settlement/mediation/ADR conference
          shall have
          been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE
          REQUIREMENT MAY RESULT IN SANCTIONS.

    3)    20 days before the Trial Date, counsel for plaintiff shall advise the
          assigned judge
          of the progress of the settlement process.

## MOTIONS PROCEDURES:
A. Noting of Motions
    1)    Dispositive Motions: All Summary Judgment or other motions that dispose
          of the case in whole or in part will be heard with oral argument before the
          assigned judge. The moving party must arrange with the bailiff a date and
          time for the hearing, consistent with the court rules.
    2)    Nondispositive Motions: These motions, which include discovery motions,
          will be
          ruled on by the assigned judge without oral argument, unless otherwise
          ordered.  All such motions must be noted for a date by which the ruling is
          requested; this date must likewise conform to the applicable notice
          requirements.  Rather than noting a time of day, the Note for Motion
          should state "Without Oral Argument."

### SEE NEXT PAGE

revised 5/29/2002

L: forms/cashiers/iv orders

3)   Motions in Family Law Cases: Discovery motions to compel, motions in limine,
motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar.

4)   Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

B.   Filing of Papers All original papers must be filed with the Clerk's Office on the 6th floor.
*The working copies of all papers in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.*

1)   Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

2)   Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal Proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or Formal Proof may be entered in the Ex Parte Department. If final orders and/or Formal Proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C.   Form: Memoranda/briefs for matters heard by the assigned judge may not exceed 24 pages for dispositive motions and 12 pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

Richard D. Eadie
~~Richard D. Eadie~~          JUDGE

revised 5/29/2002

L: forms/cashiers/tv orders