1

2

3

4

5

6

7

8

9

10

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

19

20

MICROSOFT CORPORATION,

Plaintiff,

v.

SYNERGY6, INC., a Delaware corporation,
JUSTIN CHAMPION, a New York resident,
OPTINREALBIG.COM, LLC, a Nevada
limited liability company,
SCOTT RICHTER, a Colorado resident,
DELTA SEVEN COMMUNICATIONS,
LLC, a Texas limited liability company,
DENNY COLE, a Texas resident, and
JOHN DOES 1–50,

Defendants.

No.  C04-0116C

MOTION TO REMAND TO STATE
COURT

NOTE ON MOTION CALENDAR:
**2/27/04**

21

## I.    Introduction and Relief Requested

22

Plaintiff Microsoft Corporation ("Microsoft") respectfully moves, pursuant to 28

23

U.S.C. 1447(c), for an order remanding this case to King County Superior Court.  It is well

24

established that all defendants properly named and served with process must join a removal

25

petition within the 30-day time period prescribed by the removal statute.  Here, a majority of

26

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 1

K:\00103\02549\TJA\TJA_P21PX

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the named defendants—four of six—did not join the removal petition during the statutory period, and they have made no attempt to do so subsequently.  The requirements of the removal statute are strictly construed.  Defendants bear the burden of demonstrating that the case was properly removed, and they have failed to satisfy their burden.  Microsoft respectfully requests that the Court grant its motion and remand this case to the Superior Court.

## II.      Background

Microsoft filed this action in King County Superior Court on December 17, 2003.  Five of the six named defendants—Synergy 6, Inc. ("Synergy6"), Justin Champion, Scott Richter, OptInRealBig.com, LLC, and Delta Seven Communications, LLC ("Delta Seven")—were served with process on the day of filing.  *See* Angelis Decl.[1] ¶¶ 1-11 & Exs. 1-5.  Defendant Denny Cole was served the following day, on December 18, 2003.  *See id.* ¶¶ 12-13 & Ex.6.  Affidavits of service for all named defendants were filed in the King County Superior Court on January 4, 2004.  *See id.* Exs. 1-6.

On January 15, 2004, two of the six named defendants, Scott Richter and OptInRealBig.com, LLC (collectively "Richter"), filed a notice of removal.  *See* Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1441 (Federal Question and Diversity) (Jan. 15, 2004) [hereafter "Notice of Removal"].  As to the other named defendants' position regarding removal, the petition provided as follows:

> Defendants Synergy6, Inc. and Justin Champion consent to removal.  Defendants OptIn[RealBig.com, LLC] and Scott Richter have attempted to contact the defendants Delta Seven Communications, LLC, and Denny Cole, who have not filed a notice of appearance or removal.  *See Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985).  In response to messages, Delta Seven Communication[s] and Denny Cole have not objected to the removal of this matter.  Further, on information and belief, Delta Seven Communication[s] and Denny Cole have indicated that they do not intend to appear at all in this action or will allow a default to be taken.  Thus, they are nominal (in that, on

---

[1] As used herein, "Angelis Decl." refers to the Declaration of Theodore J. Angelis in Support of Microsoft Corporation's Motion to Remand to State Court, which is filed contemporaneously with this motion.

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 2

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

information and belief, they will not be participating in the action), the other defendants are unknown, or, on information and belief, have not been served.

Notice of Removal at 4 ¶ 12.

In the period between the service of the complaint and the expiration of the thirty (30) day period for filing of the removal petition, Microsoft's counsel was in contact with all of the named defendants. Two of the defendants—Synergy6 and Champion—are represented by Synery6's in-house counsel Laurie Meehan in conjunction with litigation now pending in the New York Supreme Court. *Id.* ¶ 14. Although Ms. Meehan has not entered an appearance in this matter, since January 5, 2004, she has conferred with Microsoft's counsel on several occasions. *Id.* The two other named defendants, Denny Cole and Delta Seven Communications, are not represented by counsel. *Id.* ¶ 15. Microsoft counsel, however, conferred with Mr. Cole prior to January 15, 2004, and with Delta Seven (through its member Mr. Cole and through its registered agent Paul W. Boes) on multiple occasions prior to January 15, 2004. Angelis Decl. ¶¶ 15-16.

Despite the fact that Synergy6 and Justin Champion were represented in a related proceeding, and their counsel was aware of the pendency of this action, neither Synergy6 nor Champion joined in the petition or filed a written statement supporting the removal petition. The petition merely contains Richter's unsupported statement that "Defendants Synergy6, Inc. and Justin Champion consent to removal." Notice of Removal at 4 ¶12. Defendants Cole and Delta Seven likewise failed to join the petition or to file a written statement supporting it even though they were aware of Microsoft's action against them. Moreover, the petition contains no allegation that they support removal.

In the weeks since the removal petition has been filed, not one of Richter's codefendants—Champion, Synergy6, Cole, or Delta Seven—has joined it or otherwise supported it in writing. Angelis Decl. ¶ 17.

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

III.     Argument

A.      Removal Jurisdiction Is Lacking Here Because All Defendants
Have Not Properly Joined in the Removal Petition.

Defendants bear the burden of establishing removal jurisdiction, and there is a "'strong

presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *see also Garcia-*

*Pardini v. Metropolitan Life Ins. Co.*, 2001 WL 590037, at *1 (N.D. Cal. May 17, 2001) ("In

the Ninth Circuit . . . it is well established that section 1441 is to be construed strictly against .

. . removal jurisdiction.").

As a general rule, a removal petition is defective unless all defendants join it. *Prize*

*Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999); *Parrino v. FHP, Inc.,*

146 F.3d 699, 703 (9th Cir. 1998); *Emrich*, 846 F.2d at 1190 n.1.  Although all defendants

need not sign the removal petition, they all must "support it in writing" within the 30-day

period after service of the summons and complaint containing a removable claim.  *Roe v.*

*O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994); *see also Parrino*, 146 F.3d at 703 (stating that

all defendants must join in a notice of removal within the thirty-day period set forth in 28

U.S.C. § 1446); *see also Prize Frize, Inc.*, 167 F.3d at 1266 (same).[2]

Here, none of Richter's codefendants joined the removal petition.  Richter's bare

assertion that defendants Synergy6, Inc., and Justin Champion "consent to removal" does not

satisfy the joinder requirement.  As the Fifth Circuit has explained:

> [W]hile it may be true that consent to removal is all that is required under
> section 1446, a defendant must do so itself. . . . [T]here must be some
> timely filed written indication from each served defendant, or from some
> person or entity purporting to formally act on its behalf in this respect and
> to have authority to do so, that it has actually consented to such an action.

---

[2] *See generally* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.11[1][d], at 107-
38 (Matthew Bender 3d ed. 2003) ("All defendants are not required to sign the notice of
removal . . . [but] defendants who do not sign the notice should submit a written statement to
the court stating that they agree to removal; it is insufficient for the removal notice to state
that the codefendants do not oppose removal.").

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 4

K:\00103\02549\TJA\TJA_P21PX

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> Otherwise, there would be nothing in the record to "bind" the allegedly consenting defendant.  In the present case, nothing in the record, except [the removing defendant's] unsupported statement in the original removal petition, indicates that [the codefendant] actually consented to removal when the original petition was filed. . . . [I]t does not allege that [the codefendant] has authorized [the removing defendant] to formally (or otherwise) represent to the court on behalf of [the codefendant] that [the codefendant] has consented to the removal.  Accordingly, there was no adequate allegation or showing of [the codefendant's] actual joinder in or consent to the original removal petition.

*Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (emphasis added).[3]  The Ninth Circuit has not addressed this issue, but district courts within the Circuit have adopted the reasoning in *Getty Oil Corp.  See, e.g.*, *Schwartz v. FHP Int'l Corp.*, 947 F. Supp. 1354, 1364 n.2 (D. Ariz. 1996) (citing *Getty Oil Corp.* to support the holding that a removing defendant "cannot satisfy the joinder requirement simply by announcing that the other defendants have joined the removal petition"); *Ford v. New United Motors Manuf., Inc.*, 857 F. Supp. 707, 708 n.3 (N.D. Cal. 1994) (citing *Getty Oil Corp.* for the proposition that "[a]ll that is required is that each defendant file a document in which the defendant formally concurs with the removal").

Other circuits have also adopted the reasoning in *Getty Oil Corp.  See, e.g.*, *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, <u>all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal</u>." (emphasis added)); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("[T]he requirement that all defendants join in the motion may not be necessary if, for example, the non- joining party had not yet been

---

[3] *See also* 16 James William Moore, *supra* note 2, § 107.11[1][c], at 107-36 (recounting this holding of *Getty Oil* as the general rule).

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 5

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

served.  <u>But all served defendants still have to support the petition in writing</u> . . . ." (emphasis added) (citation omitted)).

Here, neither Synergy6 nor Justin Champion has joined the petition or supported it in writing.  Instead, Richter has attempted, erroneously, to "satisfy the joinder requirement simply by announcing that the other defendants have joined the removal petition." *Schwartz*, 947 F. Supp. at 1364 n.2.  Thus, as in the cases cited above, there is "no adequate allegation or showing" of "actual joinder in or consent to" the removal petition, *Getty Oil Corp.*, 841 F.2d at 1262 n.11, and the Court should grant Microsoft's motion to remand.

With respect to defendants Delta Seven and Denny Cole, there can be no argument that they have joined the petition.  Although Richter surmises—apparently from silence—that those defendants "have not objected to the removal of this matter," a failure to object to removal is patently insufficient joinder.  *See Roe*, 38 F.3d at 301; *Innovacom, Inc. v. Haynes*, 1998 WL 164933, at *2 (N.D. Cal. Mar. 17, 1998) ("Such noncommittal language—in fact, the identical 'do not object' language—has been found by an appellate court to be insufficient for joinder in removal.").  Because none of the other defendants properly joined Richter's removal petition, the petition is defective.  Under controlling Ninth Circuit precedent, there is a strong presumption against removal jurisdiction and the Court is to construe the removal statute strictly against removal jurisdiction.  *See supra* p. 4.  The Court should therefore grant Microsoft's motion and remand this case to King County Superior Court.

> **B.      Richter's Codefendants Do Not Fall Within the Exception to the Joinder Requirement for "Nominal Defendants."**

Richter attempts to excuse two of the four non-joining defendants (Delta Seven and Denny Cole) by characterizing them as "nominal" parties.  Notice of Removal at 4 ¶ 12.  While nominal parties need not join a removal petition, defendants Delta Seven and Cole are not nominal parties.  The Ninth Circuit has explained that a "defendant is a nominal party where his role is limited to that of a stakeholder or depositary." *Hewitt v. City of Stanton*, 798

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 6

K:\00103\02549\TJA\TJA_P21PX

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

F.2d 1230, 1233 (9th Cir. 1986).  That is, a party is nominal if "there is no reasonable basis for predicting that it will be held liable."  *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993); *see also Hewitt*, 798 F.2d at 1233 (rejecting as "plainly frivolous" an argument that the City of Stanton was a nominal party because it was clear that it could face liability for the actions at issue in the complaint).

Here, defendants Cole and Delta Seven are not nominal parties.  They along with the other named defendants are alleged to be at the heart of some of the illegal activities on which Microsoft's action is based.  *See* Complaint for Damages and Injunctive Relief at 3-4 ¶¶ 12, 27-34.  In fact, Richter's recently filed motion to dismiss states that defendant Delta Seven "deployed the e-mail messages that are the subject of the suit."  OptInRealBig.com, LLC and Scott Richter's Motion to Dismiss and Alternate Motion to Transfer Venue at 3 [hereafter ("Richter's Motion to Dismiss")].  Similarly, the Verified Petition filed by the New York Attorney General—which is attached to the Declaration of Pamela Salgado filed with Richter's Motion to Dismiss—states that "Boes[, a member of Delta Seven and its registered agent,] and Cole personally sent the fraudulent emails, and were paid for their efforts. . . . Richter and Champion had personal knowledge of the fraudulent emails sent by Boes and Cole within days of their delivery."  Declaration of Pamela Salgado at 15.  Delta Seven and Cole are alleged personally to have sent illegal e-mails, and there can therefore be no doubt that they face liability.  Consequently, Richter should not be permitted to recast these defendants as "nominal" parties solely for purposes of evading the removal requirements. *Hewitt*, 798 F.2d at 1233.[4]

---

[4] In his removal petition, Richter cites *Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985).  That case, however, does not support removal jurisdiction here.  *Lewis* merely holds that parties who have not been served with process need not join the removal petition.  *Id.* at 68-69.  Here, all named defendants were served with process on either December 17, 2003, or December 18, 2003.  Moreover, Richter was aware that all defendants had been served because affidavits of service were filed with the King County Superior Court on January 4, 2004, well before Richter filed his removal petition.  *See* Angelis Decl. Exs. 1-6.

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 7

K:\00103\02549\TJA\TJA_P21PX

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

### III.   Conclusion

2

3      The removal statute is strictly construed against removal jurisdiction and the

4  defendants here cannot meet their burden of demonstrating removal jurisdiction.  The Notice

5  of Removal filed by Richter is defective because a majority of the defendants—four of six—

6  did not join it or timely file any written statement supporting it.  Richter errs in asserting that

7  two of the four non-joining defendants should be excused because they are "nominal

8  defendants."  Those defendants are not nominal defendants because they are alleged to have

9  sent some of the illegal e-mail that gives rise to this action.  Accordingly, Microsoft requests

that the Court grant its motion and remand this case to the King County Superior Court.

10

11  DATED:  February 2, 2004          Respectfully submitted,

12                                   PRESTON GATES & ELLIS LLP

13

14                                        /s/ Hugh F. Bangasser
                                   Hugh F. Bangasser, WSBA # 03055
15                                 David A. Batman, WSBA # 14262
                                   Theodore J. Angelis, WSBA #30300
16                                 Preston Gates Ellis, LLP
                                   925 Fourth Avenue, Suite 2900
17                                 Seattle, WA  98104
                                   Phone:  (206) 623-7580
18                                 Fax:  (206) 623-7022

19                                 Counsel for Plaintiff
                                   Microsoft Corporation
20

21

22

23

24

25

26

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

2

## CERTIFICATE OF SERVICE

3

4

5

I hereby certify that on February 3, 2004, I electronically filed the foregoing document, along with the Declaration of Theodore J. Angelis and proposed Order, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to participating counsel, and I certify that I have arranged for service of the document(s) to the following counsel, hand-delivered by messenger, properly addressed, to the following:

6

7

8

9

Troy Greenfield
Pamela Salgado
Bullivant Houser Bailey PC
1601 Fifth Ave., Suite 2400
Seattle, WA 98101-1618
Attorneys for Defendants OptinRealBig.com, LLC and
Scott Richter

10

11

12

and I hereby certify that I have arranged for service of the document(s) to the following counsel and/or non-CM/ECF participants by mailing the same, properly addressed and prepaid, to the following:

13

14

15

Synergy 6, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Justin Champion
336 W. 37th, 14th Floor
New York, NY 10018

16

17

18

Paul W. Boes
Registered Agent and Member
Delta Seven Communications, LLC
11029 NE 197th Street
Bothell, WA 98011

Denny Cole
6041 Village End Drive, Apt. 1707
Dallas, TX 75206

19

20

21

22

23

24

                    /s/ Theodore J. Angelis
Theodore J. Angelis, WSBA #30300
Preston Gates & Ellis, LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Telephone: 206-623-7580
Fax: 206-623-7022

25

26

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO REMAND TO STATE COURT - 9

K:\00103\02549\TJA\TJA_P21PX

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022